DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Robert Meadows, ) | |
| ) | CASE NO. 1:09 CV 1496 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| J.T. Shartle, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. The petition alleges that the Bureau of Prisons' regulations regarding prisoner placement in a halfway house violates 18 U.S.C. § 3621(b). For the reasons discussed below, Meadows' petition is dismissed as moot.

I. Background

According to the petition, the petitioner Robert Meadows ("Petitioner" or "Meadows") is serving a federal sentence for drug related offenses for which he received a term of sixty-four months. Petitioner claims that he is in the last eight months of his sentence and has received a "RRC"[1] placement date of October 9, 2009, and that his request for an earlier placement was denied[2] in violation of 18 U.S.C. § 3621(b). Petitioner claims that his failure to

---

[1] A RRC, or Residential Re-entry Center, is also referred to as Community Corrections Centers ("CCC") and "halfway house."

[2] Meadows' petition alleges that he approached his "duty officer" on or about the week of May 17, 2009 about receiving additional RRC placement time, and that Petitioner's case manager took retaliatory action against Petitioner for going over the case manager's head by
(continued...)

(1:09 CV 1496)

exhaust administrative remedies should be excused because an administrative appeal would be futile and he will suffer irreparable harm by the delay of an administrative appeal.

## II. Analysis

A.  18 U.S.C. § 3621(b)

Under 18 U.S.C. § 3621(b), the Bureau of Prisons has authority to designate the place of an inmate's imprisonment at any time and identifies five factors for the Bureau to consider in making that designation: 1) the resources of the facility contemplated, 2) the nature and circumstance of the offense, 3) the history and characteristics of the prisoner, 4) any statement by the court imposing the sentence, and 5) any pertinent policy statement by the Sentencing Commission.

Petitioner argues that the rules followed by the Bureau of Prisons implementing this statutory authority establishes specific time-frame limitations (six months) regarding the placement of inmates in community confinement. *See* 28 C.F.R. §§ 570.20 and 570.21. Petitioner argues that the application of these time frames is not consistent with the Bureau of Prisons' statutory authority to designate the place of an inmate's imprisonment "at any time" and does not provide for consideration of the five factors listed in the statute regarding prisoner placement.

The issue of whether the Bureau of Prisons' regulations limiting inmate community confinement time contravenes the language of 18 U.S.C. § 3621(b) prior to enactment of the

---

[2](...continued)
reducing Petitioner's placement in a RRC by thirty days. ECF 1, pp. 10-11 of 12.

(1:09 CV 1496)

Second Chance Act has been addressed by a number of circuits.  The Second, Third, Eighth and Tenth Circuits have concluded that the rule followed by the Bureau of Prisons is inconsistent with the requirements of § 3621(b). *Demis v. Sniezek,* 558 F.3d 508, 511 (6th Cir. 2009) (citations omitted).  However, each of these decisions was accompanied by a dissent and the First Circuit concluded that the regulation limiting CCC placements to the lesser of six months or the last ten percent of the prisoner's sentence was a reasonable exercise of the Bureau of Prisons' discretion in carrying out its statutory duties.  *Muntz v. Sabol,* 517 F.3d 29, 39-40 (1st Cir. 2008).

However, Meadows' petition does not take into account the Second Chance Act, Pub.L. No. 110-199 (Apr. 9, 2008) and resulting changes to the Bureau of Prisons' policies.  The Second Chance Act authorizes the Bureau of Prisons to consider RRC placement for up to the final twelve months of a sentence and required the Bureau of Prisons to issue new regulations.  In response to the Second Chance Act, the Bureau of Prisons issued an interim policy memorandum on April 14, 2008 stating that "the categorical time-frame limitations on prerelease community confinement found in 28 C.F.R. §§ 570.20 and 570.21 . . . are no longer applicable and must no longer be followed." *Demis,* 558 F.3d at 513-14 (quoting *Montes v. Sanders,* 2008 WL 2844494, at *1 (C.D.Cal. July 22, 208)(citations omitted)).  On October 21, 2008, the Bureau of Prisons issued an interim rule to conform to the requirement of the Second Chance Act which specified that the decision to place an inmate in pre-release community confinement will be determined on an individual basis and in accordance with the factors listed in 18 U.S.C. § 3621(b). *Id.*

(1:09 CV 1496)

B.     Exhaustion of Administrative Remedies

A federal prisoner must exhaust administrative remedies before filing a federal habeas petition. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 233 (6th Cir. 2006). However, this requirement may be excused when pursuing such remedies would be futile or unable to afford the petitioner the relief sought, or when the failure is due to the administrator and not the petitioner. *Fazzini*, 473 F.3d at 235-36. Petitioner asserts that an administrative appeal would be futile and that he will suffer irreparable harm as a consequence of the Bureau of Prisons' refusal to place him in a RRC for the duration of his sentence - eight months. The Court assumes without deciding, for the purpose of this analysis, that Meadows' stated failure to exhaust administrative remedies is excused in this case.

C.     Mootness

Meadows' petition asserts that approximately eight months remain in his sentence. The petition sought immediate placement in a RRC claiming that the Bureau of Prisons' rules limiting RRC placement to six months violated § 3621(b). However, the Second Chance Act and resulting new rule permits RRC placement in the final twelve months of his sentence as determined on an individual basis. Meadows' was already within the last twelve months of his sentence when he requested an earlier transfer date. Consequently, Meadows' petition that the Bureau of Prisons' rules prevented an earlier transfer date is moot in light of the Second Chance Act and resulting revision to the Bureau of Prisons' rules permitting placement in the last twelve months. *Demis,* 558 F.3d at 513-14.

4

(1:09 CV 1496)

Meadows' petition is also moot because, according to the dates in the petition, Meadows' placement in a RRC occurred during the pendency of this case. The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and falls outside the exception for cases capable of repetition but evading review. *Brock v. United States Department of Justice,* 256 Fed. Appx. 748, 750-51 (6th Cir. 2007).

Accordingly, Meadows' petition (ECF 1) is dismissed as moot. This case is closed.

IT IS SO ORDERED.

| | |
|---|---|
|  October 13, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |